UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILDER ALEXANDER CORNEJO RIVERA, <br><br> Petitioner, <br><br> v. <br><br> SAM OLSON, KRISTI NOEM, PAMELA BONDI, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and BRIAN ENGLISH, <br><br> Respondents. | CAUSE NO. 3:25-CV-1090-CCB-SJF |

## OPINION AND ORDER

Immigration detainee Wilder Alexander Cornejo Rivera ("Cornejo Rivera"), by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained without a bond hearing in violation of the laws or Constitution of the United States. (ECF 1, Pet.) For the reasons stated below, the petition is granted, and the government is ordered to provide Cornejo Rivera with a bond hearing forthwith.

Cornejo Rivera is a 20-year-old native of Nicaragua. (ECF 1-2, Cornejo Rivera Aff. ¶ 1.) He attests that he arrived in the United States as an unaccompanied minor on September 24, 2021, after crossing the Rio Grande near Hidalgo, Mexico, and was apprehended by Customs and Border Patrol ("CBP").[1] (*Id.* ¶ 5.) He attests that because he

---

[1] He attests that he left Nicaragua due to political turmoil requiring him to drop out of school. (ECF 1-2, Cornejo Rivera Aff. ¶ 4.)

was a minor, he was transferred to the custody of the Office of Refugee Resettlement under the procedures of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *See* 6 U.S.C. § 279 (transferring to the Director of the Office of Refugee Resettlement of the Department of Health and Human Services ("HHS") functions under the immigration laws with respect to the care of unaccompanied alien children). He was then released to the care of his sister, who was living in Wisconsin. (ECF 1-2, Cornejo Rivera Aff. ¶ 6.)

He has been living in Wisconsin since 2021 and has been working for the past two years as a machinist. (*Id.* ¶ 10.) He lives with his girlfriend, a legal permanent resident, with whom he has two U.S. citizen children. (*Id.* ¶ 11.) In November 2025, he came to the attention of officials within Immigration and Customs Enforcement ("ICE") after his girlfriend called the police following a domestic dispute. (ECF 8-2, Gov't Exh. at 12-13, 31-32.) After being arrested and appearing for a court hearing, he was taken into federal custody pursuant to a warrant issued by an immigration officer within the U.S. Department of Homeland Security ("DHS").[2] (*Id*. at 7.) Removal proceedings have been initiated against him. (*Id.* at 2-11.) He is presently being held at Miami Correctional Facility ("MCF") pending removal.

---

[2] The parties appear to dispute whether any charges were filed against him as a result of this incident. Respondents assert that Cornejo Rivera was charged with battery and other offenses (ECF 8 at 3), whereas Cornejo Rivera attests that when he appeared in court he was told that "the prosecutor chose not to move forward with the charges." (ECF 1-2, Cornejo Rivera Aff. ¶ 27.) The government does not argue that Cornejo Rivera is ineligible for bond because of a criminal record, and so the court does not explore this matter further.

2

After Cornejo Rivera's detention by ICE agents, an attorney filed a motion for a custody redetermination with the Executive Office for Immigration Review ("EOIR") on his behalf seeking a bond determination. (*Id.* ¶ 3.) On December 13, 2025, an immigration judge ("IJ") denied his request for a bond hearing, citing *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and concluding that he was statutorily ineligible for bond pursuant to 28 U.S.C. § 1225(b)(2). (ECF 1-2, IJ Order at 25-26.) On December 29, 2025, he filed the present petition. (ECF 1, Pet.) He asks the court to order that he be provided with a bond hearing or released within 14 days. (*Id.* at 14.) He argues that the mandatory detention provision in § 1225(b)(2) does not apply to him because he entered the United States years ago and was residing in Wisconsin at the time he was apprehended. (*Id.* at 9-10.) Additionally, he argues that § 1225(b)(2) does not apply to noncitizens who entered the country as an unaccompanied minor subject to the provisions of the TVPRA. (*Id.* at 13.) He claims that his detention without bond violates these federal statutes as well as the Due Process Clause of the Fifth Amendment. (*Id.* at 13-14.)

In an order to show cause, the court directed the respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this

3

petitioner." (*Id.* at 4.) The Respondents subsequently answered the petition (ECF 8), and Cornejo Rivera filed a reply in support of his petition (ECF 9).

The Respondents repeat their arguments from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Cornejo Rivera's detention is warranted by § 1225(b)(2) because he is an "applicant for admission" within the meaning of that statute. (ECF 8.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The question remains whether there is anything unique about this case that would warrant a different conclusion. The Respondents do not directly address Cornejo Rivera's assertion that he entered the United States as an unaccompanied minor pursuant to the provisions of the TVPRA; instead, the documentation they submit merely notes that he was arrested on September 6, 2021, by border patrol agents near Rio Grande Valley, Texas, and that their databases show no other encounters or arrests by DHS. (*See* ECF 8-2, Gov't

4

Exh. at 12-13.) The government's documentation is not inconsistent with—and in fact bolsters—Cornejo Rivera's account, as it confirms the date and location of his entry into the United States, and also confirms that he was born in 2005, which would have made him 16 at the time of his arrest by border patrol agents in Texas. (*See id.* at 13, 22.) The fact that he had no other contact with immigration officials after this date, and that removal proceedings were not initiated until 2025, lends further support for his account that he was turned over to HHS upon his arrival.

Numerous courts have held that individuals who entered the United States as an unaccompanied minor and were turned over to HHS subject to the provisions of the TVPRA are not "applicants for admission" within the meaning of Section 1225(b)(2). *F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *4 (E.D. Cal. Dec. 9, 2025); *Sandoval v. Rokosky*, No. CV 25-17229 (SDW), 2025 WL 3204746, at *2 (D.N.J. Nov. 17, 2025); *Sales v. Mattos*, No. 2:25-CV-01819-RFB-BNW, 2025 WL 3237366, at *5 (D. Nev. Nov. 19, 2025); *F.R.R. v. Rodriguez, et al.*, No. SA-25-CA-01564-XR, 2025 WL 3654266, at *8 (W.D. Tex. Dec. 5, 2025); *Torres v. Wamsley*, No. C25-5772 TSZ, 2025 WL 2855379, at *4 (W.D. Wash. Oct. 8, 2025); *Maazouz v. Almodovar*, No. 25-CV-9388 (PKC), 2025 WL 3520479, at *4 (S.D.N.Y. Dec. 8, 2025); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-CV-25290-JB, 2025 WL 3451645, at *7 (S.D. Fla. Dec. 1, 2025). Their approach is persuasive. As another court observed in a case involving similar facts, "[W]hen Petitioner crossed the border and was apprehended, the government did not classify him as an applicant for admission subject to expedited removal. That Petitioner should now—approximately four years after entering the country and being released by ORR—be treated as an 'applicant for admission' defies

5

logic." *Salvador v. Bondi*, No. 2:25-CV-07946-MRA-MAA, 2025 WL 2995055, at *7 (C.D. Cal. Sept. 2, 2025).

Furthermore, regardless of whether Cornejo Rivera was released to HHS pursuant to the provisions of the TVPRA at the time of his entry, the government's own documentation shows that he was living in Wisconsin for a number of years prior to his arrest by ICE agents. (ECF 8-2, Gov't Exh. at 2-33.) He cannot be considered an "applicant for admission" within the meaning of § 1225(b)(2) for the same reasons this court articulated in prior cases.

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained," and while removal proceedings are pending, the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole." 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306. Here, Cornejo Rivera was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 8-2, Gov't Exh. at 7.) However, he was denied a bond hearing because the IJ concluded that he was statutorily ineligible for bond under § 1252(b)(2). (ECF 1-2, IJ Order at 25-26.) This was error for the reasons previously explained.

Courts within this Circuit have held that the appropriate remedy in this situation is an order requiring the government to provide the petitioner with a bond hearing forthwith. *See, e.g., Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480, at *7 (N.D. Ill. Oct.

6

21, 2025) (ordering government to provide bond hearing for petitioner who was arrested pursuant to a warrant and wrongly classified as an "applicant for admission"); *Singh v. Bondi*, No. 1:25-CV-2101-SEB-TAB, (S.D. Ind. Oct. 30, 2025) (ordering government to provide notice within seven days that it had conducted bond hearing for petitioner who was arrested pursuant to a warrant and wrongly classified as an "applicant for admission"). The court joins these courts in holding that a petitioner like Cornejo Rivera, who is arrested pursuant to a warrant under § 1226(a) but improperly labeled as an applicant for admission, is entitled to an immediate bond hearing pursuant to that statute.[3] Cornejo Rivera requests that such action be taken within 14 days, and this request will be granted.

For these reasons, the court:

(1) **GRANTS** the petition for a writ of habeas corpus (ECF 1) and ORDERS respondents to provide Wilder Alexander Cornejo Rivera with a bond hearing within 14 days of this order, affording him all rights contained in 8 U.S.C. § 1226 and corresponding regulations;

---

[3] Because the court concludes that Cornejo Rivera is entitled to a bond hearing as a matter of statutory law, the court does not reach his alternate argument under the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). In the petition Cornejo Rivera asks for either release or a bond hearing, but in his reply he focuses on his request for a bond hearing. (ECF 1 at 2.) The court believes this is the right remedy. Cornejo Rivera has been detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is "curtailed" by statutory structure that applies in immigration cases).

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order;

(3) **ORDERS** the respondents to file proof of compliance with this order within 21 days; and

(4) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on January 12, 2026.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT